UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THELMEAS WALKER,<br><br>       Petitioner,<br><br>   v.<br><br>JEFFREY BEARD,<br><br>       Respondent. | Case No. 16-cv-01280-EMC<br><br>**ORDER TO STAY ACTION AND ADMINISTRATIVELY CLOSE CASE**<br><br>Docket No. 17 |

Thelmeas Walker, Jr., filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered Respondent to show cause why the petition should not be granted, and Respondent filed an answer to the petition. Mr. Walker then filed a traverse and a request for a stay and abeyance of these proceedings, so that he could exhaust state court remedies for one or more new claims he wishes to present based on the provisions regarding juvenile offenders in California's recently-passed Proposition 57. Docket No. 17 at 1.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay.[1] A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. The *King/Kelly* stay is the second kind of stay and is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present

---

[1] Litigants and courts often refer to the procedure as a "stay and abeyance." The phrase refers to the district court "stay[ing] the petition and hold[ing] it in abeyance while the petitioner returns to state court to exhaust." *Rhines v. Weber*, 544 U.S. 269, 275 (2005). For convenience, the court refers to the combined procedure as a stay.

1 in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th
2 Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court
3 stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the
4 opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later
5 amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v.*
6 *Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner
7 seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as
8 under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims
9 back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a
10 "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with
11 the statute of limitations. *Id.* at 1141-43.

12 Here, petitioner specifically requested a *King/Kelly* stay. Docket No. 17 at 1. The only
13 currently applicable requirement for a *King/Kelly* stay is that the petition sought to be stayed has
14 no unexhausted claims. Mr. Walker's petition satisfies that that requirement. Whether the new
15 claim(s) that Mr. Walker intends to exhaust will relate back to the petition and/or comply with the
16 statute of limitations can be decided when he returns after exhausting state court remedies and
17 moves to amend his petition to add the newly-exhausted claim(s). The court will grant a
18 *King*/*Kelly* stay so that Mr. Walker may exhaust state court remedies for claims he wishes to
19 present to this court. Mr. Walker must file his petition containing the claim(s) in state court within
20 sixty days, and must return to federal court within thirty days of a final decision by the state courts
21 on the claim(s). *See Kelly*, 315 F.3d at 1070.

22 Mr. Walker's motion for a stay and abeyance is **GRANTED**. (Docket No. 17.) After Mr.
23 Walker concludes his state court efforts to exhaust his new claim, he may move to file an amended
24 petition in which he presents all his claims, including the new claim.

25 ///
26 ///
27 ///
28 ///

For the foregoing reasons, this action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Mr. Walker exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the stay and amend his petition to add the newly exhausted claim(s).

**IT IS SO ORDERED**.

Dated: February 22, 2017

_____
EDWARD M. CHEN
United States District Judge